Law Library

**IN THE SUPERIOR COURT**
**OF GUAM**

HENRY E. ESCOTO and ROCHELLE S. ESCOTO,

                  Plaintiff,

vs.

GOVERNMENT OF GUAM,

                  Defendant.

Civil Case no. CV 0261-11

**DECISION AND ORDER**
re: Motion to Dismiss

## INTRODUCTION

This matter was taken under advisement by Honorable Judge Michael J. Bordallo on or about August 15, 2012 pursuant to the parties agreement that this motion may be decided on the pleadings without oral argument. The Plaintiff is represented by Attorney Jesse J. Nasis. The Defendant is represented by Assistant Attorney General Robert M. Weinberg. After considering the matters presented, the court now issues the following decision and order granting the Defendant's motion to dismiss.

## BACKGROUND

This case arises out of a negligence claim against the Government of Guam for failure to prosecute Joanne Marie L.G. Salas for Driving under the Influence ("DUI") (B.A.C.) and other alcohol-related offences on seven separate occasions. On February 8, 2009, Salas collided with two other vehicles, which were operated by Henry E. Escoto and Gklynda N. Richter, on

Artero Drive in NCS Dededo, Guam. Plaintiff S. Escoto ("Rochelle") and Escoto's minor children, Henrielle Escoto ("Henrielle"), Henchella Escoto ("Henchella"), and Rhyence Escoto ("Rhyence") were passengers in the 2003 Toyota Pre-Runner. Salas died on impact and burned in the 1994 Honda Civic at the crash scene. Henchella and Rhyence suffered fatal injuries as a result of the crash and dead on the same day. The Guam Police Department ("GPD") allege Salas caused the accident. Salas has been previous charged but not prosecuted for six (6) alcohol-related offences.

On October 21, 2011, the Defendants filed for motion to dismiss on the basis that the causes of actions are barred by the public duty doctrine. Defendants also argue the decision whether or not to prosecute is not subject to judicial review under the Government Claims Act. Plaintiffs filed their opposition on February 29, 2012. Defendant's reply was filed on April 20th, 2012. The Court hereby GRANTS Defendant's motion to dismiss based on the following analysis.

## DISCUSSION

### a. Public Duty Doctrine

On motion to dismiss, the well-pleaded factual allegations in the complaint are assumed to be true. *See Hawaiian Bank v. Manley,* 2007 Guam 2 ¶ 9 ("When reviewing a claim under this standard, we must, of course take as true the material facts alleged...., construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor."); *accord Taitano v. Calvo Finance Corp.,* 2009 Guam 9 ¶ 6 ("In reviewing such a motion, the court must 'construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor.'") (quoting *Taitano v. Calvo Finance Corp.,* 2008 Guam 12 ¶ 9)

Plaintiffs argue the Government of Guam "had a duty to prosecute and take other actions against Salas for her repeated criminal conduct, especially her criminal offenses involving alcohol and driving." *Complaint* ¶ 31, and the failure to prosecute Salas was the direct and proximate cause of their injuries. *Id.*, ¶ 31, 40. Defendants submit Plaintiffs claims are barred by the public duty doctrine. A cause of action for negligence exists only if the Defendants owes a duty of care to the Plaintiff, not the public as a whole. *See e.g. Hartley v. State*, 103 Wash.2d 768, 698 P.2d (Wash. 1985) (Government's failure to prosecute is too remote and insubstantial to impose liability). Defendants argue no special relationship or privity exists between the Government and Salas, therefore the casual connection is too attenuated to impose liability.

Plaintiffs cite in their opposition to *Waki, et al. v. Eleganstone Constr. Co., et al*, where the Court previously denied a motion to dismiss based on the public duty doctrine. The facts in *Waki* and the instant case to be distinguishable. In *Waki*, the government owed a mandatory administrative duty to the Plaintiff to inspect the building and certify construction for additional structural support. The Court found the Government negligently inspected Plainttiff's building which subsequently required additional repair to the structure of the building. But for the negligent safety inspection, the contractor would not have proceeded to construct a faulty additional support of the home which subsequently needed to be repaired. The Court found a direct causal connection between the Government's negligence and the Plaintiffs because a direct relationship existed between them. The Government had a duty to the Plaintiff to ensure the foundation of the home was sufficient to safely support the home before the contractor moved on to the next phase of construction.

On the other hand, in the instant case, the Government does not owe a duty to the

Escoto's to prosecute Salas. The causal connection is too attenuated to find the failure to prosecute Salas directly caused the deaths of Escoto's children. It cannot be denied that an unfortunate tragedy has occurred. Although the Court is appalled by the government's failure to prosecute Salas on alcohol related offenses on six occasions, there is no statutory or legal remedy the Court can provide to the Plaintiffs. Public policy dictates against such liability because it would open up the government to unlimited liability on every decision by a prosecutor. The Court finds the causal connection to be too attenuated between the Government and the Plaintiffs, furthermore no special relationship or privity exists which would impose liability on the Government. Accordingly, the Court GRANTS Defendant's Motion to Dismiss.

Plaintiff requests for leave to amend their complaint in the event there are insufficient factual allegations pleaded. Based on the evidence presented, the Court denies Plaintiffs request because there are no circumstances under the instant claims or causes of action that would impose liability on the Government. The Court need not address whether or not Plaintiffs claim is barred by the Government Claims Act because dismissal is granted based on the public duty doctrine.

## CONCLUSION

Based on the foregoing, the Court finds that the Plaintiffs claim is barred by the public duty doctrine. Therefore, the Court GRANTS Defendant's motion to dismiss.

SO ORDERED, this 17 day of DECEMBER 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam